**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

IRIS C. PAYNE,
Plaintiff-Appellant,

v.

No. 99-2094

NORTH CAROLINA HOUSING FINANCE
AGENCY,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CA-98-149-5-BO)

Submitted: March 28, 2000

Decided: April 26, 2000

Before WIDENER, WILKINS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Marvin Schiller, David G. Schiller, Raleigh, North Carolina, for
Appellant. Charles L. Steele, IV, MAUPIN, TAYLOR & ELLIS,
Research Triangle Park, North Carolina; Keith D. Burns, FAISON &
GILLESPIE, Durham, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Iris C. Payne appeals the district court's grant of summary judgment to the North Carolina Housing Finance Agency (the "Agency") and dismissal of her employment discrimination complaint. Payne claimed that she was passed over for a promotion because of her gender in violation of 42 U.S.C. § 2000e-2(a)(1) (1994). On appeal, Payne contends that the district court erred by finding that she did not establish a prima facie case of employment discrimination, and that she did not rebut the Agency's legitimate non-discriminatory reasons for not offering her the promotion. Finding no reversible error, we affirm.

A district court's decision to grant summary judgment is reviewed de novo. See Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). We must view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences from the affidavits, depositions, and attached exhibits submitted below in his or her favor. See Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 958 (4th Cir. 1996).

To meet her burden on summary judgment, Payne proceeded under the proof scheme set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). In order to establish a prima facie case, Payne had to show that: "(1) she is a member of a protected class; (2) her employer had an open position for which she applied; (3) she was qualified for the position; and (4) she was rejected for the position under circumstances giving rise to an inference of unlawful discrimination." Taylor v. Virginia Union Univ., 193 F.3d 219, 230 (4th Cir.

2

1999), <u>cert. denied</u>, ___ U.S. ___, 68 U.S.L.W. 3433 (U.S. Feb. 28, 2000) (No. 99-1092). If Payne succeeded in establishing a prima facie case, the Agency had to respond by showing a legitimate non-discriminatory reason for not offering the promotion to Payne. Payne was then required to rebut the Agency's response by showing that the proffered reason was a pretext for discrimination. <u>See Evans</u>, 80 F.3d at 959.

We will assume for the purpose of this appeal that Payne established a prima facie case. However, we agree with the district court that the Agency offered legitimate non-discriminatory reasons for not promoting Payne and for promoting a male employee. We further agree with the district court that Payne did not show that the Agency's proffered reasons for not promoting her were a pretext for discrimination.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3